**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOUTJE PANTOUW; ELLY LAE WORANG, | No. 12-74105 |
| Petitioners, | Agency Nos.    A079-609-520<br>A079-609-521 |
| v. | |
| LORETTA E. LYNCH, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015**

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Joutje Pantouw and Elly Lae Worang, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider petitioners' contentions related to asylum and equitable tolling of the one-year filing requirement because they failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA denied petitioners' motion to reconsider, finding they failed to demonstrate sufficient individualized risk of persecution to qualify for withholding of removal. The BIA did not abuse its discretion in denying the motion. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005); *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to demonstrate sufficient evidence of individualized risk of harm under a disfavored group analysis to establish a well-founded fear of future persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject petitioners' contention that their motion to reconsider should have been granted for submission of more evidence. *See* 8 C.F.R. § 1003.2(b)(1). We also reject petitioners' requests that the court

reconsider its stance regarding a pattern or practice of persecution or require the agency to revisit this issue.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**